UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

ROBERT SILVA-PRENTICE and
DIONISIO PAULINO,
Plaintiffs,

CIVIL ACTION NO. 1:21-cv-11580

v.

THOMAS TURCO and CAROL MICI, et al.,
Defendants

**DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION TO PARTIALLY DISMISS COMPLAINT**

The defendants move this Court to dismiss certain claims against them, for the reasons stated below.

**FACTS**

At the time of the events alleged in the Complaint, Christopher Fallon (Fallon) was Deputy Commissioner of Prisons for the Department of Correction (DOC); Dean Gray (Gray) was Deputy Superintendent, and then Superintendent, of Souza-Baranowski Correctional Center (SBCC); Jennifer Redd (Redd) was a lieutenant and special hearing officer (SHO); Brian Mulvey (Mulvey)was a community program officer (CPO) and special disciplinary officer (SDO), and Robert Lawless (Lawless) was a lieutenant with the DOC. Complaint, ¶¶ 9, 16, 28, 36, 38.

Following a cell extraction on January 22, 2020, plaintiff Dionisio Paulino was issued disciplinary report (D-report) No. 457423 and plaintiff Robert Silva-Prentice received D-report No. 455339.Complaint, ¶¶ 224, 196. The disciplinary charges were for actions taken by the plaintiffs during the cell extraction, including assault on correction officers. The January 22, 2020 incident was linked to an attack on correction officers at SBCC on January 10, 2020, in which several officers were seriously injured by inmates. See Complaint, Exhibit F-3.

On September 4, 2020, defendant Redd conducted a hearing for Silva-Prentice on D-report No. 455339, pursuant to 103 CMR 430, Inmate Discipline. After reviewing the extensive evidence and hearing from witnesses, Redd determined that Silva-Prentice, who was represented by counsel, was guilty of some of the charges against him. Complaint, ¶ 199. He was sanctioned with 15 days in disciplinary detention, with credit for time already served. Silva-Prentice appealed the sanction to defendant Gray, who, as Superintendent of SBCC, denied the appeal pursuant to 103 CMR 430. Complaint, ¶ 206.

On October 2, 2020, Redd conducted a disciplinary hearing for Paulino on D-report No. 457423 pursuant to 103 CMR 430. Complaint, ¶ 234. Mulvey, as special disciplinary officer, presented the evidence. Complaint, ¶ 298. Redd ultimately determined, following a lengthy hearing, that Paulino was guilty of several of the charges against him, including aggravated assault and battery. Complaint, ¶ 299. Paulino's sanction was 18 months in the Department Disciplinary Unit (DDU) at MCI-Cedar Junction (MCI-CJ). Paulino appealed the sanction, pursuant to 103 CMR 430, to defendant Gray, who denied the appeal, and then to defendant Fallon, who also denied it. Complaint, ¶ 300. Paulino then filed an action in certiorari in Suffolk Superior Court, Paulino v. Department of Correction, 2184-CV-00183, challenging the D-report and DDU sanction.[1]

Defendant Lawless is alleged to have made false statements to an emergency room physician after escorting Paulino to the hospital following the January 22, 2020 cell extraction. Complaint, ¶ 323. Paulino claims Lawless's "false" statements directly led to him being sanctioned by defendant Redd following the hearing on D-report No. 457423. Complaint, ¶ 323.

---

[1] Attorney DeJuneas represented Silva-Prentice in his SBCC D-hearing; she also represents Paulino in his pending Suffolk Superior Court certiorari case. A copy of the Superior Court docket is attached as Exhibit 1.

The plaintiffs also allege that all defendants were part of a DOC-wide conspiracy to violate their civil rights. See, generally, Complaint.

## ARGUMENT

## MOTION TO DISMISS STANDARD

A plaintiff's Complaint will survive a motion to dismiss if it alleges sufficient facts to establish a plausible claim for relief. Sastre-Fernandez v. Superintendencia del Capitolio, 972 F.Supp.2d 217, 218 (D.P.R. 2013) (citing Fed R. Civ. P. 12(b)(6); Ashcroft v. Iqbal, 556 U.S. 662, 670-678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In assessing a claim's plausibility, the court must construe the Complaint in the plaintiff's favor, accept all non-conclusory allegations as true, and draw any reasonable inferences in favor of the plaintiff." Rodriguez-Ramos v. Hernandez-Gregorat, 685 F.3d 34, 39-40 (1st Cir. 2012) (citation omitted). The court is "not bound, however, to credit 'bald assertions, unsupportable conclusions, and opprobrious epithets' woven into the fabric of the Complaint." Dantone v. Bhaddi, 570 F.Supp.2d 167, 170 (D. Mass. 2008) (citing In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003)).

"[F]actual allegations" must be separated from "conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely a conceivable, case for relief." Juarez v. Select Portfolion Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013). The "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992).

## I. PLAINTIFFS' CERTIORARI CLAIMS (COUNTS IV, V, VI, IX, X) AGAINST FALLON, REDD, MULVEY, AND GRAY SHOULD BE DISMISSED.

The Court should dismiss Counts IV, V, VI, IX and X as brought against defendants, Fallon, Redd, Mulvey, and Gray, for the reasons stated below. These claims all concern these defendants' actions concerning disciplinary reports issued against Paulino and Silva-Prentice. Although not styled as such, Paulino's and Silva-Prentice's claims regarding the conduct of the administrative hearings arising from disciplinary reports issued following the January 22, 2020 incident, and the subsequent denial of their appeals, are clearly actions in certiorari. Under Massachusetts law, which governs here, an action in certiorari is the only method by which an inmate may challenge a disciplinary proceeding. Massachusetts General Laws (M.G.L.) c. 249, § 4. "Inmates challenging alleged improprieties in prison disciplinary proceedings under Massachusetts law must proceed by way of an action in the nature of certiorari pursuant to [M.G.L. c.] 249, section 4." Martin v. Chavin, 2010 WL 3607079 (D. Mass 2020) (citing Murphy v. Superintendent, Mass. Correctional Inst., Cedar Junction, 396 Mass. 830, 833 (1986) (inmate's claim was action in certiorari "even though the complaint speaks in terms of an action for declaratory and injunctive relief"). For the reasons stated below, the certiorari claims against defendants Fallon, Gray, Mulvey, and Redd should be dismissed.

### A. PAULINO IS ALREADY PURSUING A CERTIORARI CLAIM IN THE SUPERIOR COURT.

Paulino has a pending certiorari claim in Suffolk Superior Court, brought pursuant to M.G.L. c. 249, § 4, which governs inmate challenges to administrative actions. On January 26, 2021, Paulino filed a certiorari action, Paulino v. Department of Correction, 2184-CV-00183, challenging D-report No. 455339, the same D-report at issue here. As of the date below, the case

is still pending.[2] The Superior Court complaint includes many of the same allegations as the present case, specifically challenging the conduct and outcome of the D-report hearing presided over by defendant Redd. It also notes that Paulino appealed the decision, as stated in the present Complaint. ¶¶ 300-301. See Superior Court Amended Complaint, ¶¶ 34-38, Exhibit 1. Paulino's Superior Court complaint further alleges that his D-hearing resulted from an on-going conspiracy by DOC officials, which he also argues in the present case. Although not specifically named in the state suit, Gray and Fallon are the two who denied Paulino's unsuccessful written appeals, Gray as SBCC Superintendent, and Fallon as Deputy Commissioner of Prisons.

As the Supreme Judicial Court (SJC) held in Murphy, supra, a challenge to disciplinary proceedings is considered a "claim in the nature of certiorari," even if the inmate fashions it as a declaratory judgment or injunctive relief case. If Paulino's certiorari claims proceed in this case in addition to the state action, he would, essentially, be getting two bites at the apple.

Should the Department defendants prevail on the merits in the pending state case, defendants in the instant case submit that, as a matter of law, all the D-report claims in the case at bar automatically fail because there will be conclusive findings of a state court that there was sufficient evidence to prove that Paulino did, in fact, violate the rules/regulations of the prison in relation to such D-reports; this Court must give full faith and credit to such decisions. See 28 U.S.C. § 1738. See Willhauk v. Halpin, 953 F.2d 689, 704 (1st Cir. 1991) ("It is well established that a federal court in a § 1983 action must give full preclusive effect to state court judgments adjudicating both issues and claims").

---

[2] The Court may rely on official public records in determining a motion to dismiss. See Watterson v. Page, 987 F.2d 1, *3 (1st Cir. 1993). The Court may also take judicial notice of proceedings and papers filed in other cases or courts if they have relevance to the issues at hand. United States v. Mercado, 412 F.3d 243, 247-248 (1st Cir. 2005); Centro Medico del Turabo v. Feliciano de Melecio, 406 F.3d 1, 5 (1st Cir. 2005); Kowalski v. Gagne, 914 F.2d 299, 305-306 (1st Cir. 1990); E.I. Du Pont De Nemours & Co., Inc. v. Cullen, 791 F.2d 5, 7 (1st Cir. 1986).

Moreover, if final judgments on the merits enter in state court, all the claims based on the D-report in the present Complaint would be barred by the doctrine of *res judicata* because the claims could have been brought in the state court proceedings as provided in Pidge v. Superintendent, Massachusetts Correctional Institution, Cedar Junction, 32 Mass. App. Ct. 14, 19-22 (1992) and Superior Court Standing Order 1-96. See Isaac v. Schwartz, 706 F.2d 15, 16-17 (1st Cir. 1983) (entry of a final judgment on merits in Massachusetts state court bars all future claims in federal court that were, or could have been, brought in the initial action).

Alternatively, if Paulino's certiorari claims in the present case are not dismissed, they should be stayed pending the outcome of Paulino's Superior Court certiorari action. Paulino's claims of civil rights violations arising from the D-report and subsequent appeal denials necessarily rest on the unsupported assumption that Paulino was innocent of the charges in the D-reports, i.e., there was insufficient evidence to charge him and find him guilty.

The Colorado River abstention doctrine "allows federal courts in limited instances to stay or dismiss proceedings that overlap with concurrent litigation in state court." Jiménez v. Rodríguez–Pagán, 597 F.3d 18, 21 (1st Cir. 2010) (citing Colorado River Water Conserv. Dist. v. United States, 424 U.S. 800 (1976)). While nothing specifically precludes concurrent pending state and federal actions, where Colorado River provides a "narrow crevice" allowing a federal court to abstain, it is, in some circumstances, abstention is the correct posture. Id. at 27. "The decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Moses H. Cone Meml. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983).

According to Jimenez, relevant factors that the federal court may consider in determining whether to abstain, include: "(1) whether either court has assumed jurisdiction over a res; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether state or federal law controls; (6) the adequacy of the state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction." Jiménez, 597 F.3d at 27–28. As this Court recently quoted in a decision staying an inmate case, "[t]he crux of the Colorado River doctrine is the presence of 'exceptional' circumstances displaying 'the clearest of justifications' for federal deference to the local forum in the interest of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" See Leiva v. DOC, et al., 20-11433-PBS (Ruling on Motion to Dismiss or Stay, August 9, 2021, Docket No. 35) (quoting Nazario-Lugo v. Caribevision Holdings, Inc., 670 F.3d 109, 115 (1st Cir. 2012).

Four of the suggested factors for the Court to consider apply here: 1) the desirability of avoiding piecemeal litigation; 2) the order in which the forums obtained jurisdiction; 3) whether state or federal law controls; and 4) the adequacy of the state forum to protect the parties' interests. Here, the certiorari issues are already being decided in the state court; where the certiorari action was filed months before the federal action, they need not be addressed at the same time in federal court. Massachusetts law clearly controls, as certiorari challenges to disciplinary actions are covered by M.G.L. c. 249, § 4. Finally, the Superior Court is certainly capable of protecting Paulino's interests regarding his D-report challenge.

In light of the pending state action, where Paulino is challenging the D-report that is the basis for several claims in the instant case, and where final judgment in the state court

proceedings would operate as a complete bar to Paulino seeking relief for any of the D-report claims in the Complaint, the Court should dismiss the claims or, in the alternative, use its discretion to stay the certiorari claims brought by Paulino pending final disposition of the state action.

**B. SILVA-PRENTICE'S CERTIORARI CLAIMS ARE UNTIMELY.**

Silva-Prentice's certiorari claims against Redd, Fallon, and Gray (Counts IV, V, VI, IX, and X should also be dismissed, as Silva-Prentice failed to comply with the requirements of M.G.L. c. 249, § 4 concerning inmate certiorari claims. In the present action, Silva-Prentice alleges that Redd wrongly found him guilty of disciplinary violations and then Fallon and Gray improperly denied his appeal of the decision.

Certiorari actions under M.G.L. c. 249, § 4 must be commenced within 60 days "after the proceeding complained of." And, "[f]ailure to do so is such a 'serious misstep' that such an action must be dismissed when not timely filed . . . ." Pidge v. Superintendent Mass. Correctional Inst., Cedar Junction, 32 Mass. App. Ct. 14, 18 (1992). "The certiorari statute provides that an 'action shall be commenced within sixty days next after the proceeding complained of.' 'The term "proceeding complained of" refers to "the last administrative action" taken by an agency.'" Brooks v. Commissioner of Correction, 99 Mass. App. Ct. 345, 346 (2021) (citations omitted). The Massachusetts Appeals Court has ruled that the clock starts ticking "upon issuance of the superintendent's decision . . . when the decision was served." Id.

In Silva-Prentice's case, the 60-day statute of limitations began to run when he was served with Gray's October 29, 2020 denial via intra-facility mail on or about November 5, 2020. Silva-Prentice did not file a certiorari case in the Superior Court, which had to be filed, at the latest, on or about January 5, 2021 to be timely under state law. Silva-Prentice's challenge

here to the fairness and propriety of the D-hearing process appears to be a way to get around the strict statute of limitations on state certiorari claims. Silva-Prentice's certiorari claims against Gray, Fallon, and Redd should therefore be dismissed.[3]

## II. PLAINTIFF PAULINO FAILS TO STATE A CLAIM AGAINST DEFENDANT LAWLESS.

The Court should dismiss Count V against defendant Lawless for the reasons stated below. In federal civil rights litigation, there is a three-part test to establish standing. The litigant must show (1) that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant; (2) that the injury fairly can be traced to the challenged action; and (3) is likely to be redressed by a favorable decision. American Postal Workers Union v. Frank, 968 F.2d 1373, 1374 (1st Cir. 1992). The plaintiffs have failed to show that they have suffered any actual or any threatened injury arising from defendant Lawless's alleged actions, and thus, their claims against defendant Lawless should be dismissed.

The only separate claim against defendant Lawless is that he allegedly "lied" to emergency room staff at Leominster Hospital, where Paulino was taken after the incident. Complaint, ¶ 28. Paulino alleges specifically that Lawless, in the emergency room, "pulled the hospital staff aside and made false statements that [Paulino] had kicked or attempted to kick the attack dog and had been involved in an assault on correctional officers at SBCC." Complaint, ¶ 127. Further, Paulino alleges that "[t]he false statements that O'Reilly's dog attacked Paulino

---

[3] The plaintiffs also misstate the burden of proof used to scrutinize disciplinary decisions, claiming that Redd's decisions were "poorly reasoned, factually inaccurate, and retaliatory . . . that did not meet the required standard of substantial evidence, to prove a disciplinary violation." ¶ 294 (emphasis added). However, the U.S. Supreme Court has held that "due process in this context requires only that there be some evidence to support the findings made in the disciplinary hearing." Superintendent, Mass. Corr. Institution, Walpole v. Hill, 472 U.S. 445, 447 (1985) (emphasis added). The Supreme Court rejected the "substantial evidence" standard, "declin[ing] to adopt a more stringent evidentiary standard as a constitutional requirement." Id. at 456.

because he had kicked or tried to kick the dog made their way into the medical records and were later used against Paulino." Complaint, ¶ 126.

First, even if Lawless made such statements, and even if a doctor accepted Lawless's statements as noteworthy and wrote down the information, Paulino makes no valid claim that Lawless's allegedly false statement caused him any harm. He merely states that the doctor's comment will "remain in his medical records," Complaint, ¶ 127, and vaguely, that "the statements were used against Paulino." Complaint, ¶ 323. Paulino does not allege that Lawless's alleged statements affected his subsequent medical treatment or the actions of hospital personnel in treating him. His claims against defendant Lawless, whose only role was escorting Paulino to the hospital, should be dismissed.

## III. THE 42 U.S.C. § 1983 OFFICIAL CAPACITY CLAIMS AGAINST ALL DEFENDANTS SHOULD BE DISMISSED.

The Court should dismiss all § 1983 claims brought against all named defendants in their official capacities. It is axiomatic that "[s]ection 1983 supplies a private right of action against a person who, under color of state law, deprives another of rights secured by the Constitution or by federal law." Jarvis v. Vill. Gun Shop, Inc., 805 F.3d 1, 7 (1st Cir 2015) (quoting Redondo-Borges v. U.S. Dep't of Hous. & Urban Dev., 421 F.3d 1, 7 (1st Cir. 2005)). State actors, acting in an official capacity, are not "persons" within the meaning of § 1983 for monetary damages. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). Under the Eleventh Amendment to the U.S. Constitution, "[s]tates and their agencies are entitled to sovereign immunity 'regardless of the relief sought.'" Poirier v. Massachusetts Dept. of Correction, 558 F.3d 92, 97 (1st Cir. 2009) (citations omitted). Further, "[a]bsent an explicit waiver from the state, the Eleventh Amendment bars official capacity suits against state actors in federal court unless the suit seeks prospective injunctive relief." Caisse v. DuBois, 346 F.3d 213, 281 (1st Cir. 2003).

Here, the Commonwealth has not waived its sovereign immunity, and all of the defendants are accused of wrongdoing while in the course of their state employment. Accordingly, all § 1983 claims against the defendants in their official capacities should be dismissed.

**IV. THE "JOHN DOE" DEFENDANTS SHOULD BE DISMISSED.**

Paulino and Silva-Prentice name 20 "John Doe" defendants in their Complaint, alleging many of the same claims against them as against the named defendants. E.g., Complaint, ¶¶ 302-304. Plaintiffs state, for example, that "[t]he true names and capacities of Defendants DOES 1 through 20 are presently unknown to Plaintiffs, who therefore sues [sic] them by such fictitious names. Plaintiffs are informed and believe that each of the fictitiously named defendants are responsible in some capacity for the matters herein alleged. Plaintiffs will amend this Complaint to state the true names and capacities of [Doe defendants] 1 through 20 when they are ascertained." Complaint, ¶ 39.

"Although the use of fictitious names to identify defendants is not favored, situations may arise where the identity of an alleged defendant cannot be known prior to the filing of a complaint." See Martínez-Rivera v. Ramos, 498 F.3d 3, 8 (1st Cir. 2007). However, here the plaintiffs have sued 32 named defendants, ranging from the Secretary of the Executive Office of Public Safety and Security to the Commissioner of Correction, down to individual correction officers. It seems unlikely, considering the plaintiffs are already apparently in possession of many documents and videos concerning their claims, that they will discover additional unknown actors.

In the meantime, the 20 unknown parties are unserved and unrepresented by counsel. At this time the unnamed defendants should be dismissed. This Court, at the October 25, 2021 status

conference, noted the unwieldiness of having more than 30 defendants with dozens of claims against them. If, at some future time, the plaintiffs obtain the actual names of the "John Doe" defendants, they may "seek leave to amend the complaint to substitute the correct parties and to dismiss any baseless claims." Id. at 8 n. 5. At this stage in the case, however, the 20 "John Doe" defendants should be dismissed rather than left in the action without notice or a chance to seek representation.

## CONCLUSION

For the reasons stated above, all claims against defendants Fallon, Redd, and Gray concerning Paulino's and Silva-Prentice's disciplinary reports (Counts IV, V, VI, IX, and X) should be dismissed, or, in Paulino's case, alternatively stayed pending the outcome of the Superior Court case. All claims against defendant Lawless should be dismissed (Count V). The 42 U.S.C. § 1983 official capacity claims brought against ALL defendants should be dismissed.

Respectfully submitted,

Defendants,

By their attorneys,
NANCY ANKERS WHITE
Special Assistant Attorney General

Date: January 24, 2022

/s/Bradley A. Sultan
Bradley A. Sultan
BBO No. 659533
Department of Correction
Legal Division
70 Franklin Street, Suite 600
Boston, MA 02110-1300
(617) 727-3300 x1153
Bradley.sultan@doc.state.ma.us

**CERTIFICATE OF SERVICE**

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

Date: January 24, 2022

/s/Bradley A. Sultan
Bradley A. Sultan