COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                                                 SUPERIOR COURT DEPT.
                                                             DOCKET NO. 2184CV00183

<hr>

DIONISIO PAULINO,
    Plaintiff,
                                                             **E-FILED 4/28/2021**
v.

MASSACHUSETTS DEPARTMENT                                                        CM
OF CORRECTION
    Defendant

<hr>

## FIRST AMENDED COMPLAINT

1.      Through this Amended Complaint for certiorari review pursuant to G.L. c. 249, §

4, Plaintiff Dionsio Paulino (Paulino) seeks to correct the clear or substantial errors of law not

otherwise reviewable by motion or appeal which adversely affected his material rights,

specifically, the finding by a Massachusetts Department of Corrections (DOC) hearing officer that

he is guilty of aggravated assault on a correctional officer (ABCO) and of an attempted assault on

a DOC attack dog.

2.      During all relevant times, Paulino was a prisoner housed at the Souza Baranowski

Correctional Center (SBCC) in Shirley, Massachusetts. He is currently serving an 18-month

punitive sentence in the Department Disciplinary Unit (DDU) at MCI Cedar Junction in Walpole

Massachusetts, as ordered by the DOC hearing officer, Lt. Jennifer Redd (Lt. Redd).

3.      Defendant Department of Corrections (DOC) is an agency of the Commonwealth

of Massachusetts, which conducted the proceeding being appealed from under G.L. c. 249, § 4.

4.   This Court has jurisdiction over this matter pursuant to G.L. c. 249 § 4.

5.   On January 10, 2020, several prisoners assaulted correction officers at SBCC. There are no allegations, and no evidence, that Paulino was involved in those assaults.

6.   Following the January 10, 2020 assaults, SBCC began institution-wide searches and reassignments of prisoners to new units.

7.   On January 22, 2020, at least five correctional officers were tasked with removing Paulino from his cell based on information from an alleged confidential informant who allegedly said that Paulino was "probably" plotting future assaults against other staff and that Paulino is the head of the Latin Kings at SBCC.

8.   The order to remove Paulino came from Deputy Commissioner Paul Henderson and the Office of Investigative Services (OIS).

9.   As members of the special response team (SRT), five officers holding the rank of lieutenant and/or sergeant forcibly entered the cell occupied by Paulino and another prisoner.

10.   Following orders of a senior DOC administration official, the SRT entered the cell without first asking Paulino or his cellmate to "cuff up," i.e., to stand with their back toward the door to allow officers to restrain the occupants of the cell without fear of being assaulted or attacked prior to their entry into the cell.

11.   While the SRT was inside the cell, they "tasered" Paulino at least twice.

12.   While on the bottom bunk inside the cell, Paulino allegedly kicked Sgt. Robert D'Amadio on his upper thigh.

13.   Sgt. D'Amadio was not injured.

14.     After Paulino was restrained, he was escorted out of his cell by at least two officers, one on each side.

15.     During the cell extraction, DOC staff brought at least three two attack dogs waiting outside the cell.

16.     Upon Paulino's exit from the cell, at least one of the dogs attacked, causing severe injuries which required hospitalization and a stay in the health services unit at SBCC. Mr. Paulino also suffered injuries to his face, back, and legs.

17.     Senior DOC administrative staff watched the assault on, and mauling of, Paulino. Upon information and belief, they did nothing to stop the unlawful attack on Paulino.

18.     Disciplinary report #457423, allegedly written on January 22, 2020, accuses Paulino of numerous violations of DOC policies, rules, and regulations: killing of another; aggravated assault on a staff member, contract or employee, member of the public, volunteer, or animal; fighting with, assaulting, or threatening another person due to security threat group activities or gang activities; engaging, recruit, or pressuring others to engage in security group threat activities; assault on a staff member, contract employee, member of the public, volunteer or animal; fighting with any person; interfering with staff members, medical personnel, firefighters, or law enforcement in the performance of their duties during an emergency; conduct which interferes with the security or orderly running of the institution; threatening another with bodily harm or with any offense against another person, their property or their family; refusing a direct order by any staff member; use of obscene, abusive or insolent language or gesture; conduct which disrupts the normal operation of the facility or unit; and attempting to commit the foregoing.

19.     After a 1-day hearing on October 1, 2020, the hearing officer, Lt. Jennifer Redd, issued written findings and found Paulino guilty of aggravated assault on a correction officer,

specifically, kicking Lt. McCulloch, for which a DDU sentence of 18-months was imposed; and

attempted assault of an animal, specifically, one of the attack dogs brought to Paulino's cell, for

which no DDU sentence was imposed.

20.    Paulino stands convicted of attempted assault on the attack dog, having been

accused of moving his leg in the direction of the dog with a kicking motion before it bit him and

saying something along the lines of, "I'll kill that fucking dog."

21.    Correction officers who escorted Paulino to the hospital for treatment of his severe

injuries falsely told the emergency department doctor that Paulino kicked or attempted to kick their

attack dog.

22.    Hearing Office Jennifer Redd based her guilty finding in part upon the false

statements in Paulino's medical records described above in ¶ 20.

23.    Upon information and belief, DOC unlawfully obtained Paulino's medical records.

24.    Videos introduced at the disciplinary hearing do not support the accusations

regarding Paulino's alleged threat and attempted kick to the dog.

25.    Upon information and belief, DOC pursued disciplinary charges against Paulino

because he filed a grievance complaining about the assault committed on him by members of the

SRT team.

26.    Upon information and belief, DOC's decision to pursue disciplinary charges

against Paulino is part of an ongoing and widespread coverup up of the assaults on Paulino and his

cellmate, Robert Silva-Prentice, who sued then-Secretary of the Executive Office of Public Safety

and Security Thomas Turco, Commission of Corrections Carol Mici, and then-Superintendent of

SBCC Steven Kenneway. *Larocque, et al v. Turco, et al,* 2084cv00295 ("Silva-Prentice lawsuit").

27.     The Silva-Prentice lawsuit alleges, inter alia, that Silva-Prentice was assaulted by by the same SRT team and at the same time as Paulino.

28.     Hearing Officer Jennifer Redd found Silva-Prentice found guilty of assault on a correctional officer despite overwhelming evidence that directly contradicts the sworn testimony of two officers inside Silva-Prentice's and Paulino's cell in several material ways.

29.     In Silva-Prentice's case, DOC withheld several pieces of highly exculpatory evidence which directly contradicts the sworn testimony of two officers inside Silva-Prentice's and Paulino's cell.

30.     The members of the SRT team who testified at Silva-Prentice's disciplinary hearing wrote reports about, and were first-hand witnesses to, the attack on Paulino.

31.     The members of the SRT team who testified at Paulino's disciplinary hearing wrote reports about, and were first-hand witnesses to, the attack on Silva-Prentice.

32.     Since the original complaint in this case was filed, DOC has attempted to permanently gag Paulino's undersigned counsel from speaking to state legislators, federal law enforcement and/or the media about the gross and rampant abuses of prisoners at SBCC in January 2020.

33.     Upon information and belief, DOC has engaged, and continues to engage, in a corrupt scheme to coverup the unlawful attacks on Paulino and Silva-Prentice.

34.     There is no substantial evidence to sustain charges that Paulino committed aggravated assault on a correction officer or that he attempted to assault a DOC attack dog.

35.     Per DOC regulations, the term "aggravated assault" is defined as '[a]n assault where aggravating factors exist including, but not limited to:  use of a weapon; biting; use of a

shod foot; multiple participants involved in the assault; seriousness of bodily injury; or, any other factors that manifest extreme indifference to life." 103 CMR 430.05.

36.    There is no evidence in the record that Paulino used a weapon, bit someone, used a shod foot, was involved with others in committing an assault, caused bodily injury, or engaged in conduct that manifests extreme indifference to life.

37.    Upon information and belief, DOC prosecuted disciplinary charges against Paulino and Silva-Prentice for exercising their constitutional rights to petition the DOC for redress of DOC staff's unlawful acts by filing grievances.

38.    Paulino timely appealed the guilty findings by Lt. Redd. His appeal was denied on December 1, 2020.

39.    There is no mechanism for judicial review of Paulino's disciplinary case.


WHEREFORE, Plaintiff Dionisio Paulino prays that this Honorable Court:

1. Set aside the underlying disciplinary hearing decision as to all disciplinary charges against Plaintiff;

2. Order the entry of a not guilty finding as to all disciplinary charges against Plaintiff and the expungement of his disciplinary report; and

3. Grant any such other relief as may be appropriate.


DATED: April 28, 2020

                                        Respectfully submitted,
                                        Dionosio Paulino
                                        By and through his counsel,

                                        */s/ Patricia A. DeJuneas*
                                        Patricia A. DeJuneas
                                        BBO # 652997
                                        Sibbison, DeJuneas & Allen, LLP
                                        One Commercial Wharf West

Boston, MA 02110
(617) 529-8300
dejuneas@sda-legal.com