UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
)
ROBERT SILVA-PRENTICE and )
DIONISIO PAULINO, )
)
       Plaintiffs, )
)
v. )   CIVIL ACTION NO. 21-11580-PBS
)
THOMAS TURCO, et al., )
)
       Defendants, )
_____)

## ORDER ON PLAINTIFFS' MOTIONS TO COMPEL AND UNSEAL

This matter is before the court on the "Plaintiffs' Motion to Compel Certain Documents and Testimony" (Docket No. 108) and the "Plaintiffs' Motion to Unseal Dkt 108-7 and 108-8" (Docket No. 114). After consideration of the parties' written submissions and their oral arguments, it is hereby ORDERED as follows:

    1.    The plaintiff's motion to compel is ALLOWED IN PART and DENIED IN PART as follows:

        (a) The plaintiffs may serve interrogatories requesting information regarding the existence of specific documents that are responsive to the plaintiffs' requests for the production of documents but have not been produced. Alternatively, the plaintiffs may serve additional document requests seeking the production of the specific documents.

        (b) The plaintiffs may serve an additional interrogatory regarding the existence and location of any videos showing the extraction of Prisoner 2 from a cell.

(c) As agreed, the defendants shall search for and produce, to the extent it exists, a copy of the document entitled "HQ Reaction Plans per 103 DOC 560, Disorder Management." The plaintiffs' motion to compel the production of documents created or maintained pursuant to the disorder and Special Operations Division policies is otherwise DENIED based on the defendants' representation that they have searched for and produced all such documents.

(d) The defendants shall produce information from their disciplinary files that describes the substance of any alleged incidents involving prisoners directly, including any alleged failure to intervene in such incidents, that occurred within the **5 years** prior to the incident at issue in the present litigation. The information shall include, but shall not be limited to, details regarding the defendant's alleged infraction(s) and any resulting discipline. To the extent it is available, the information shall also include any reports of disciplinary hearings before the IAD and the Commissioner, and any disciplinary decisions that were made by the Commissioner.

(e) The defendants shall produce executive summaries from any IAD investigations of Raymond Turcotte and Charles Primack during the time period from **2016 to the present**.

(f) During depositions, the plaintiffs are entitled to ask the witnesses whether they searched for documents responsive to the plaintiffs' requests for documents and what documents they were seeking, but may not inquire into privileged communications.

(g) The plaintiffs' motion to compel the production of documents regarding the defendants' salaries, overtime and benefits is DENIED WITHOUT PREJUDICE to renewal, if appropriate, at a later stage in the proceedings.

(h) The defendants shall search the emails of the current defendants and Joe Freitas, and produce responsive emails for the time period from **January 10, 2020 through November 9, 2020**.

(i) The plaintiffs' motion to compel witnesses to answer deposition questions pertaining to the federal grand jury is DENIED.

(j) The defendants shall produce daily management reports for the time period from **January 10, 2020 through January 19, 2020.**

2. The plaintiffs' motion to unseal Docket Nos. 108-7 and 108-8 is DENIED.

/ s / Judith Gail Dein  
Judith Gail Dein  
United States Magistrate Judge

DATED: August 1, 2023