UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SILVA-PRENTICE and DIONISIO PAULINO,<br>Plaintiffs,<br><br>v.<br><br>THOMAS TURCO and CAROL MICI, et al.,<br>Defendants | CIVIL ACTION NO. 1:21-cv-11580 |

### DEFENDANTS' EMERGENCY MOTION FOR ORDER TO SHOW CAUSE

Defendants move this Court to issue a show cause order on Plaintiffs for violating the plain terms of a non-disclosure agreement, and for violating statutory and regulatory prohibitions on dissemination of Criminal Offender Record Information ("CORI"). In support thereof, Defendants state the following:

1. On August 3, 2022, Plaintiffs and Defendants executed a non-disclosure agreement ("Agreement") to facilitate discovery because a significant number of documents requested by Plaintiffs contained CORI.[1] The Agreement was born of a negotiation between Plaintiffs and Defendants to facilitate discovery in light of Plaintiffs' expressed need for documents containing CORI of non-plaintiffs for purposes of this litigation. The Agreement permitted Plaintiffs to receive discovery containing unredacted CORI of non-plaintiffs for use in this case under the condition that Plaintiffs would not disseminate such CORI materials.[2] Following the execution of

---

[1] The Agreement is attached to this Motion for the Court's reference as Exhibit 1. The Agreement was returned to Defendants by Plaintiffs in signed but undated form. The executed Agreement was sent to the Defendants by Plaintiffs on August 3, 2022 via email attachment.

[2] Defendants note that Plaintiffs' dissemination of CORI material would have been wrongful pursuant to generally applicable statutes and regulations even without the existence of the Agreement, but the Agreement cited to, reiterated, and emphasized the prohibitions on CORI dissemination and the possible penalties for violating same. *See* Exhibit 1.

the Agreement, Defendants, assuaged that the privacy rights of non-plaintiffs to this suit would be protected and respected by Plaintiffs pursuant to the terms of the Agreement, made substantial discovery productions containing unredacted CORI of non-plaintiffs.

2. Access to and restrictions on the dissemination of CORI is highly regulated and subject to the confines of G.L. c. 6, § 167 et seq.; Department of Correction regulation, 103 CMR 153: <u>CORI Regulations</u>; and Department of Criminal Justice Information Services regulation, 803 CMR 2.00: <u>Criminal Offender Record Information (CORI)</u>.

3. On December 12, 2023, Defendants learned of a filing made in *Dwayne Diggs, et al. v. Carol Mici, et al.*, 4:22-cv-40003-MRG that unveiled a flagrant violation of the terms of the Agreement by Plaintiffs in the above-captioned case. The *Diggs* pleading at issue is a Motion for Leave to File Supplemental Exhibit in Support of Plaintiffs' Motion to Compel, and it is accompanied by two exhibits.[3] *Diggs*, 4:22-cv-40003, Docket No. 67.

    a. In *Diggs* Docket No. 67, plaintiffs' counsel for *Diggs* makes two things abundantly clear: *Diggs* Docket No. 67-1 was intentionally produced by Plaintiffs' counsel in this case to plaintiffs' counsel in *Diggs*, and Plaintiffs' counsel in this case was consulted with regarding *Diggs* Docket No. 67 prior to its filing, as Plaintiffs' counsel gave *Diggs* plaintiffs' counsel authority to publish *Diggs* Docket No. 67-1 on the public docket with Plaintiffs' CORI unredacted. Exhibit 2 p. 2 ("On December 6, 2023, Plaintiffs' counsel

---

[3] The *Diggs* pleading and its exhibits are attached to this Motion for the Court's reference as Exhibit 2.

    received from the plaintiffs' counsel in *Silva Prentice* a document… See Exhibit 1, attached hereto."); Exhibit 2 p. 2 n. 1 ("The only unredacted names are those of the two plaintiffs in *Silva-Prentice*, who have assented to this being filed publicly, and those of two of the Plaintiffs here, ▇▇▇▇ and ▇▇▇▇▇▇."). These statements were sworn to under the penalties of perjury by *Diggs* plaintiffs' counsel. See Exhibit 2 pp. 22-24.

    b. *Diggs* Docket No. 67-1, an email with an attachment containing CORI of non-plaintiffs to this case, is the *exact* type of document the Agreement explicitly prohibited Plaintiffs from disseminating. See Exhibit 2 pp. 13-14; Exhibit 1. It is Bate stamped for easy identification as part of a discovery production to Plaintiffs in this case, and it is conspicuously watermarked in red across every page "CONFIDENTIAL INFORMATION SUBJECT TO NON-DISCLOSURE AGREEMENT" as the Agreement calls for. See Exhibit 2 pp. 6-21; Exhibit 1.

4. Plaintiffs' intentional dissemination of discovery containing CORI of non-plaintiffs, exemplified by *Diggs* Docket No. 67-1, violates no less than **_six_** explicit terms of the Agreement:

    a. ¶2: "…803 CMR 2.17(3) [] provides that 'CORI may be disseminated during litigation as part of the discovery process, but may not be further disseminated, except as otherwise permitted by law and regulation.' … The Parties agree to abide by [803 CMR 2.00], including but not limited to the provisions of [803 CMR 2.00] concerning the prohibition on further dissemination and public filing…";

    b. ¶4: "Any [] CORI shall not be used for any purpose other than this lawsuit and shall not be made public by any Party, or otherwise disseminated except as set forth in this Agreement.";

    c. ¶5: "CORI provided to counsel for Plaintiff(s) is only to facilitate the discovery stage of this litigation, and only for the limited purpose of ensuring the ability of Plaintiff(s) to litigate this case, and not for any other purpose….";

    d. ¶7: "The Parties acknowledge that the further dissemination of CORI in contravention of [802 CMR 2.00: Criminal Offender Record Information (CORI)] may violate the provisions of G.L. c. 6, §177 and G.L. c. 6, §178 and may subject the disseminator to civil and/or criminal penalties including fines, imprisonment, or both as set forth in those statutes.";

    e. ¶7: "Counsel for Plaintiff(s) shall immediately notify counsel for Defendant(s) in the event that the aforementioned CORI is accessed, copied, disseminated, discussed, or otherwise utilized in any manner that is not specifically authorized by this Agreement."; and

    f. P. 4: "Counsel for the parties [] represent that they are authorized to execute this Agreement and agree to be bound by its terms and conditions…".

5. Plaintiffs' intentional dissemination of discovery materials containing CORI of non-plaintiffs, exemplified by *Diggs* Docket No. 67-1, violated the plain terms of the following regulations[4]:

---

[4] Defendants note that *Diggs* plaintiffs' actions also constituted a violation of G.L. c. 6, §172(l), which states: "Any individual or entity that receives or obtains criminal offender record information from any source in violation of sections 168 through 175 of this chapter, whether directly or through an intermediary, shall not collect, store, disseminate, or use such criminal offender record information in any manner or for any purpose."

    a. 803 CMR 2.07(h)(attorneys are prohibited from disseminating CORI of non-clients unless doing so in conformity with court order or otherwise authorized by law); and

    b. 803 CMR 2.17(3)("CORI may be disseminated during litigation as part of the discovery process, but may not be further disseminated, except as otherwise permitted by law and regulation.").

6. Pursuant to G.L. c. 6, §178, Plaintiffs' deliberate dissemination of CORI in contravention of 803 CMR 2.07(h) and 803 CMR 2.17(3) exposes Plaintiffs to civil and criminal penalties of "imprisonment in a jail or house of correction for not more than 1 year or by a fine of not more than $5,000 or by both such fine and imprisonment…" for *each* offense (emphasis added). G.L. c. 6, § 178 further states that an individual unlawfully disseminating CORI information, as is the case here, "***shall*** for each offense be punished" by a fine, imprisonment, or both, making a punishment under these circumstances mandatory, not discretionary (emphasis added). In fact, Plaintiffs expressly agreed that these penalties would be implicated by violations of 803 CMR 2.00. Exhibit 1, ¶7 ("The Parties acknowledge that the further dissemination of CORI in contravention of [803 CMR 2.00] may violate the provisions of G.L. c. 6, §177 and G.L. c. 6, §178 and may subject to disseminator to civil and/or criminal penalties including fines, imprisonment, or both as set forth in those statutes.").

7. Plaintiffs' violations of 803 CMR 2.07(h) and 803 CMR 2.17(3) further endangers Plaintiffs to being subject to a CORI complaint pursuant to 803 CMR 2.27(1), which could give rise to additional civil penalties and sanctions. *See* 803 CMR 2.27(4).

8. Defendants have provided dozens of thousands of pages of documents to Plaintiffs throughout the course of discovery in this case, a significant number of (if not majority of) which contained CORI in unredacted form due to Defendants' reliance on Plaintiffs' conformity with the Agreement and Massachusetts statutes and regulations. Defendants do not know the extent of this breach or others currently unknown, and are concerned that Plaintiffs are freely disseminating these sensitive documents.

9. Plaintiffs explicitly agreed that an intentional violation of the Agreement "constitutes grounds upon appropriate motion in this case for court sanctions." Exhibit 1, ¶7.

## CONCLUSION

Defendants hereby request this Court to:

1. Order Plaintiffs to divulge the extent and number of their breaches of the Agreement committed to date; and
2. To assess the appropriate sanctions for each breach.

For the Defendants,

NANCY ANKERS WHITE
Special Assistant Attorney General

Dated: December 15, 2023

/s/ Courtney R. Colonese
Courtney R. Colonese, BBO No. 708799
Bradley A. Sultan, BBO No. 659533
Department of Correction Legal Division
70 Franklin Street, Suite 600
Boston, Massachusetts 02110
(617) 727-3300
Courtney.colonese@doc.state.ma.us

CERTIFICATE OF SERVICE

      I hereby certify that this document and its attachments, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

Dated: December 15, 2023                      /s/ Courtney R. Colonese
                                                        Courtney R. Colonese