IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT SILVA-PRENTICE and DIONISIO PAULINO,<br><br>      Plaintiffs,<br><br>-against-<br><br>THOMAS TURCO, et al.<br>      Defendants. | Civil No. 1:21-cv-11580-PBS |

**PLAINTIFFS' OPPOSITION TO DEFENDANTS' "EMERGENCY" MOTION FOR ORDER TO SHOW CAUSE and
MOTION TO UNSEAL Dkt. Nos. 135, 135-1 and 135-2**

Plaintiffs Robert Silva-Prentice and Dionisio Paulino oppose Defendants' "Emergency" Motion for Order to Show Cause (Dkt. No. 135), which is filed in bad faith[1] and as part of an ongoing discovery game in this case and at least two (2) other cases, all of which arise out of the same "disorder" and activation of the Special Operations teams at Souza-Baranowski Correction Center (SBCC) in January 2020. Defendants' "emergency" motion and the comments of their counsel during a Court-ordered conference show that Defendants' latest game is to use prisoners' privacy interests to circumvent their discovery obligations, gain an advantage in a pending discovery dispute, and prevent Plaintiffs in this case from conferring with counsel for the other plaintiffs with pending complaints.

---

[1] Plaintiffs note that the Massachusetts Department of Correction sought gag orders against Attorney Patty DeJuneas, who represents Plaintiff Robert Silva-Prentice in this case. The Suffolk Superior Court denied the motion for a gag order after a public hearing attended by dozens of members of the public. See *Paulino v. Massachusetts Department of Correction*, 2184-cv-000183.

1

Thus, and for the reasons set forth below, Plaintiffs respectfully request that this Court deny Defendants' "emergency" motion without a hearing.

## **MEET AND CONFER OF PARTIES**

Pursuant to this Court's December 19th order, undersigned counsel certifies that they conferred[2] with counsel for Defendants regarding Defendants' "Emergency" Motion for Order to Show Cause (Dkt. No. 135) and whether that motion and its exhibits should have been filed under seal.

Defense counsel[4] would not consider withdrawing their motion or reaching a resolution to address their concerns unless Plaintiffs' counsel admitted they wilfully violated the parties' CORI Agreement. Given Defendants' unreasonable position, Plaintiffs were unable to resolve the dispute about the email Plaintiffs' counsel provided to counsel for the named plaintiffs in the proposed class action, *Diggs, et al. v. Mici, et al.*, 22-cv-40003-MRG, Dkt. No. 67, 67-1, 67-2.

Regarding the sealing of Dkt. Nos. 135, 135-1 and 135-2, undersigned counsel inquired why Defendants had submitted their motion under seal when the redacted information had already been filed in the public docket. *See Diggs*, 22-cv-40003-MRG, Dkt. No. 48, 48-1, 48-2. Defense counsel advised that, in her view, it is "not necessary" to file a motion to seal. She further explained that Defendants filed their motion under seal because Defendants are compelled to protect the privacy interests of Xavier Valentin-Soto and James Jacks – both of whom are named plaintiffs *Diggs v. Mici* – even though they decided with the advice of counsel to publicly file the document at issue in their lawsuit. *See Diggs*, 22-cv-40003-MRG, Dkt. Nos. 67, 67-1 and 67-2.

---

[2] Plaintiffs did not previously confer with Defendants about the filing of their motion because Defendants filed it without prior notice to Plaintiffs.

[4] Courtney Colonese was the only defense attorney who spoke for Defendants during the conference. Unless stated otherwise, the terms "defense counsel" and "Defendants' counsel" reference her and not her co-counsel.

Other comments by defense counsel are addressed *infra* in Argument I(B).

## RELEVANT FACTS

As this Court may be aware, there are at least four (4) currently pending cases that concern the "disorder" at Souza-Baranowski Correction Center (SBCC) in January 2020, the activation of the Special Operations forces on and between January 21 and 24, 2020, the rampant uses of excessive force, and the wide-ranging cover-up of the foregoing. Those cases[5] are:

1. This case.

2. *Derrick Washington v. Massachusetts Department of Correction, et al.*, 1:23-cv-10063-MRG. Washington is not connected to either Silva-Prentice or Paulino except that he was present at SBCC during January 2020 and alleges that he was brutalized by the defendants in his case.

3. *Luis Graulau and Jose Collazo v. Turco, et al.,* 1:23-cv-10129-PBS. Graulau and Collazo are two (2) of the three (3) prisoners who Defendants allege were ordered by Dionisio Paulino – Plaintiff in this case – to assault unknown staff at an unknown time in the future.

4. *Dwayne Diggs, et al., v. Carol Mici, et al.,* 22-cv-40003-MRG, which the parties jointly moved to certify as a class action. There are nine (9) named plaintiffs in *Diggs*: Dwayne Diggs; Demetrius Goshen; James Jacks; David Jackson; Raphael Rebollo; Luis Saldana; Davongie Stone; **Xavier Valentin-Soto**, and Danavian Daniel. **Valentin-Soto** is the third prisoner who was allegedly ordered by Paulino to assault unknown staff at an unknown time in the future. The *Diggs* plaintiffs are represented by lawyers from Hogan Lovells and Prisoner Legal Services, including Attorney David Milton,[6] who filed the email at issue as an exhibit in support of the Diggs plaintiffs' motion to compel the production of, *inter alia*, Defendants' emails. *See 22-cv-40003-MRG, Dkt. Nos. 48, 67.*

Defendants' motion concerns an email which contains the names Plaintiffs in this case as well as Valentin-Soto and Jacks, two of the named plaintiffs in *Diggs*. Plaintiffs' counsel provided

---

[5] Plaintiffs' counsel in this case have conferred generally with Plaintiffs' counsel in the *Washington*, *Graulau-Collazo* and *Diggs* cases, staying well within the bounds of all Plaintiffs' agreements and protective orders.

[6] Attorney Milton attached the email at issue to his declaration in support of the *Diggs* plaintiffs' Motion to Compel, 22-cv-40003-MRG, Dkt. No. 48.

the email with all other prisoner names redacted, knowing that the Diggs plaintiffs intended to submit the email as an exhibit in support of their motion to compel Defendants to produce emails beyond February 6, 2020, which is before Defendants even began to investigate dozens and dozens of unreported uses of force. A The *Diggs* plaintiffs wanted that email because it shows that Defendants were still investigating and reviewing uses of force at least June 30, 2020 -- **more than five months past the date when Defendants cut off their email production** in *Diggs*. *See Diggs v. Mici, 22-cv-40003-MRG, Dkt. No. 67, p. 2, ¶ 4.*

Valentin-Soto, Jacks and the other *Diggs* plaintiffs filed the email in question on December 11, 2023 as an exhibit to their Motion for Leave to File Supplemental Exhibit in Support of Plaintiffs' Motion to Compel. *Diggs, 22-cv-40003-MRG, Dkt. No. 67, 67-1, 67-2.* Four (4) days later -- before responding to Plaintiffs' pending motion to compel and for sanctions (Dkt. No. 131) in this case -- Defendants filed their "emergency" motion. They did not ask Plaintiffs' counsel to meet and confer prior to filing nor did they alert Plaintiffs' counsel that defense counsel allegedly believes that the CORI Agreement was violated.

## ARGUMENT

I. **This Court should deny without hearing Defendants' "Emergency" Motion for Order to Show Cause (Dkt. No. 135), which has no merit and was filed simply to gain an advantage in Defendants' upcoming opposition to Plaintiffs' pending motion to compel and for sanctions (Dkt. No. 131).**

This Court should deny Defendants' motion without hearing because Defendants have not demonstrated that Plaintiffs' counsel violated the CORI Agreement. Furthermore, it is quite clear that their motive in filing the motion is to gain an unfair advantage in opposing Plaintiffs' pending motion to compel and for sanctions (Dkt. No. 131).

### (A) Plaintiffs' counsel did not violate the CORI Agreement nor did they violate CORI laws.

Plaintiffs' counsel have not violated the Agreement Concerning Non-Disclosure of Criminal Offender Record Information (the "CORI Agreement"), which provides in relevant part that "CORI may be disseminated during litigation as part of the discovery process, but may not be further disseminated, except as otherwise permitted by law and regulation." Dkt. No. 135-1 at 2, ¶2 (quoting from 803 CMR 2.17(3)). "The CORI Act limits the dissemination of criminal records to the public." *Guzzi v. Tripathi-Zutshi,* 2005 WL 659228 (Mass.App.Ct. 2005) (unreported). Its purpose

> is to protect the privacy and the security of individuals with a criminal record. *New Bedford Standard–Times Publ. Co. v. Clerk of the Third Dist. Court of Bristol*, 377 Mass. 404, 413–414, 387 N.E.2d 110 (1979). It is concerned with protecting substantive information regarding the offender. *See Kordis*, 58 Mass.App.Ct. at 903, 787 N.E.2d 613 (noting that the purpose of the CORI statute is in part, to protect the offender's rehabilitation by shielding from public view his prior convictions as well as records that aggregate information concerning his criminal history).

*Alexander v. Clarke*, No. 09-05456-H, 2011 WL 1770819 at *5 (Mass. Super. May 3, 2011).

The CORI Act and related systems and the procedures which govern them "were created to resolve **questions of individual privacy** and system security in connection with the operation of those systems, and **to prevent invasions of privacy that may inhibit a defendant's rehabilitation and return to society**." *Kordis v. Superintendent, Souza Baranowski Corr. Ctr..*, 58 Mass. App. Ct. 902, 903–04, 787 N.E.2d 613, 614–16 (2003) (emphasis added), citing G.L. c. 6, § 168. See also *New Bedford Standard–Times Pub. Co. v. Clerk of the Third Dist. Ct. of Bristol,* 377 Mass. 404, 413–414, 387 N.E.2d 110 (1979). The Act is "**intended to protect privacy and promote the rehabilitation of criminal defendants**." *Globe Newspaper Co. v. District Atty. for the Middle Dist.,* 439 Mass. 374, 384 (2003) (emphasis added). See also *Kordis v. Superintendent,*

*Souza Baranowski Corr. Ctr.*, 58 Mass. App. Ct. 902, 903–04, 787 N.E.2d 613, 614–16 (2003) (explaining that CORI Act is designed in part to "**protect[]the offender's rehabilitation by shielding from public view** his prior convictions, as well as records that aggregate information concerning criminal history") (emphasis added).

Here, Defendants complain that Plaintiffs' counsel provided two (2) other prisoners -- named class action plaintiffs Xavier Valentin-Soto and James Jacks -- with their own CORI information by providing the email in question to their counsel, who **waived any privacy interests that the prisoners may have held in their identities as prisoners** held in the custody of the Massachusetts Department of Correction (MA-DOC). Further undermining Defendants' claims, those prisoners are **named plaintiffs** in a proposed class action concerning the MA-DOC; their identity or incarceration is no secret to anyone. Simply put, no privacy interests were violated. Further, Plaintiffs' counsel did not gain CORI information under false pretenses, nor disseminate private CORI information to third-parties who have no right of access, nor falsify criminal offender record information. *See,* Mass. Gen. Laws Ann. ch. 6, § 178.

On these facts, Plaintiffs' counsel did not breach the CORI Agreement or the statutes cited in that Agreement. This Court should therefore deny Defendants' "Emergency" Motion for Order to Show Cause on the papers without conducting a hearing. Enough time has already been wasted.

### (B) Defendant filed their motion in a bad faith effort to subvert their discovery obligations in this case and in *Diggs v. Mici*, 22-cv-40003-MRG.

Counsel for the Department of Correction -- representing the individual defendants in this case as well as the Diggs, Graulau/Collazo and Washington cases, *see supra at p. 3* -- are playing games, asserting the privacy rights of prisoners to block those very same prisoners from discovery to which they are entitled. And they are playing other games as well in at least three (3) of the four

(4) related cases.  For example:

- Defendants in this case blatantly violated the Discovery Order issued by Judge Dein on August 1, 2023 by refusing to comply with the provision which requires Defendants to produce emails from all current defendants as well as former defendant Joe Freitas from January 10 to November 9, 2020. To justify their violation, Defendants claim inexplicably that the parties are somehow bound by failed negotiations which preceded the filing of Plaintiffs' second motion to compel. *See Dkt. Nos. 118, 131, 132, 133*.

- In *Collazo and Graulau*, Defendants refused to comply with this Court's oral order to provide plaintiffs' counsel in that case with the discovery in this case as well as *Diggs*. Unhappy with this Court's order, Defendants were so desperate to avoid their discovery obligations that they moved the Court to reconsider, taking the patently unreasonable position that it would be unduly burdensome to copy discovery that has already been produced in two (2) pending cases. *See Collazo and Graulau, 1:23-cv-10129-PBS, Dkt. No. 22* (denying Defendants' motion to reconsider "on the grounds that defendants have not demonstrated that the request to produce documents, which were <u>already</u> produced in other litigation is overly burdensome") (emphasis in original).

- In *Diggs*, Defendants are trying to keep the class action plaintiffs from learning about their investigations and reviews of the uses of force on class members by refusing to produce any emails sent or received after February 6, 2020, well before Defendants concluded their own investigations and reviews. *Diggs, 22-cv-40003-MRG, Dkt. Nos. 46, 53, 57, 67*.

In their latest filing, Defendants are acting in bad faith to gain an unfair advantage in the litigation of Plaintiffs' currently pending motion to compel, in which Plaintiffs argue that Defendants are in blatant violation of the Court order (USMJ Dein, 8/1/23) which requires Defendants in this case to produce emails for the current Defendants as well as former defendant Joe Freitas for the time period beginning on January 10, 2020 (when the disorder began) and through November 9, 2020 (approximately one month after Paulino's hearing on the retaliatory disciplinary reports).

Defendants' true intent in filing their "emergency" motion was revealed during the Court ordered conference between the parties' counsel on December 19. During the conference, defense

counsel conceded that Defendants intend to oppose Plaintiffs' pending motion to compel and for sanctions (Dkt. Nos. 131, 132) by claiming that -- according to Attorney Colonese -- Plaintiffs' counsel "cannot be trusted" with "private information,"[7] as allegedly demonstrated in Defendants' "emergency" motion. Obviously, there is no correlation between the email that was publicly filed in the *Diggs* case and the outstanding emails that Defendants have already been ordered to produce in this case per Judge Dein's Discovery Order (Dkt. No. 131).

To the extent this Court has any doubt about Defendants' true motive, defense counsel's other comments make it crystal clear that Defendants are motivated by the desire to win Plaintiffs' pending motion to compel and for sanctions and **not** to assuage their alleged concerns regarding the CORI rights of Xavier Valentin-Soto and James Jacks, who filed the email in question on the public docket in their case. Indeed, Plaintiffs' counsel attempted several times during that conversation to resolve the issues raised in Defendants' motion, but defense counsel was not at all interested in resolving the dispute without litigation:

- Because Defendants' motion asks this Court to order Plaintiffs' counsel to disclose each time they provided documents to third parties with unredacted prisoner names, *Dkt. No. 135 at 6*, Plaintiffs' counsel inquired **whether Defendants wanted to know whether they had provided other unredacted documents to counsel for Valentin-Soto and Jacks. Attorney Colonese responded that Defendants are not, in fact, interested in that information.** Rather, she explained, Defendants are interested in obtaining a ruling that they believe will help them circumvent the Discovery Order (Dkt. No. 118) or an agreement that Plaintiffs' counsel wilfully violated the CORI Agreement, which Plaintiffs' counsel adamantly deny.

- When Plaintiffs' counsel inquired whether Defendants would consider it to be a violation of the CORI Agreement for Plaintiffs' counsel to produce Defendants' documents in response to a subpoena from the federal grand jury currently investigating Defendants' misconduct, Attorney Colonese responded, **"Read the CORI agreement, I'm not going to tell you what it says."** *Id*. (emphasis added).

---

[7] The "private information" described by Defendants' counsel, however, is not private at all: when asked for an example of the "private information," Attorney Colonese cited only DOC-related emails and text messages stored in Defendants' personal phones and email accounts.

8

- When Plaintiffs' counsel inquired whether they could address Defendants' concerns in another way, Attorney Colonese repeated that **Defendants were not interested in resolving the issues unless Plaintiffs' counsel admitted to a wilful violation of the CORI Agreement.**

The context in which the *Diggs* named plaintiffs filed the email at issue also sheds light on Defendants' bad faith. In *Diggs*, Defendants and their in-house DOC counsel put great effort into preventing the class action plaintiffs from accessing any of the Defendants' emails during the time period when investigations were conducted and uses of force were reviewed, all of which occurred well after the Diggs defendants' unilaterally chosen cut-off date of February 6, 2020. There is no principled reason to deprive the *Diggs* plaintiffs of clearly relevant and discoverable emails which show, *inter alia*, the falsification of reports; backdating reports to make it appear that Defendants complied with the regulatory requirement to report all uses of force before the employee ends their shift, see 103 CMR 505 (2020); sham investigations based on erroneous facts; and Defendants' collective failure to report dozens and dozens of uses of force. *See Diggs, 22-cv-40003-MRG, Dkt. Nos. 45, 53, 57, 65*.

When counsel for the *Diggs* plaintiffs asked whether Plaintiffs' undersigned counsel knew of any emails that would show Defendants were still investigating well after the February 6, 2020 cutoff date in the Diggs' email production, Plaintiffs' counsel advised that they are in possession of emails which show that the investigations extended at least into July 2020. Knowing that counsel for the named plaintiffs in *Diggs* had filed a motion to compel the production of emails during the critical time period and were looking for examples of emails to submit to the Court as exhibits, Plaintiffs' undersigned counsel agreed to provide the *Diggs* plaintiffs with the email at issue, **but with all names redacted *except for Plaintiffs in this case and the prisoners whose CORI rights were waived by the Diggs plaintiffs' counsel.*** Finally, Plaintiffs note that Valentin-

9

Soto, Jacks and other Diggs plaintiffs filed the email in question on December 11[9] and Defendants, however, waited four (4) days to file their "emergency" motion without first seeking to meet and confer, as required under Local Rule 7.1, and instead of working on their opposition to the pending motion to compel and for sanctions.[10]

It is well past time for the games to stop and for Defendants to comply with Court orders and their obligations under the Federal Rules of Civil Procedure.

**II.    This Court should order Docket Nos. 135, 135-1 and 135-2 to be unsealed because all of the information that Defendants redacted is already on the public record in *Diggs v. Mici*, 22-cv-40003-MRG (Dkt. Nos. 67, 67-1 and 67-2).**

Since Defendants are the ones who filed their "emergency" motion with redactions, they have the burden to overcome the presumption of public access. See *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012). Defendants cannot meet their weighty burden with conclusory or unsupported allegations. *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981) (moving party must submit particular and specific facts, not merely "stereotyped and conclusory statements"). Rather, they must articulate, explicitly, a factual basis to justify depriving the public of access to the email at issue.

Defendants clearly fail to meet their burden. The email in question -- along with the accompanying affidavit of counsel and motion for leave to file -- were **filed on the public docket by the same prisoners whose identities Defendants claim were unlawfully exposed by Plaintiffs' counsel in this case.** *See Diggs, 22-cv-40003-MGR, Dkt. No. 67, 67-1, 67-2.* Defendants further fail in their burden because they did not even file a motion to seal, let alone support sealing with affidavits or any type of factual showing at all. See *Anderson v. Cryovac, Inc.*,

---
[9] Plaintiffs in this case filed their pending motion to compel and for sanctions (Dkt. No. 131) on December 12, 2023.

[10] Defendants' opposition is due December 26 and they have not moved for an extension.

10

805 F.2d 1, 7 (1st Cir. 1986) ("finding of good cause [to seal documents] must be based on a particular factual demonstration of potential harm, not on conclusory statements"), and cases cited.

## CONCLUSION

For the reasons set forth above, Plaintiffs Robert Silva-Prentice and Dionisio Paulino respectfully request that this Court deny Defendants' "Emergency" Motion for Order to Show Cause (Dkt. No. 135).

DATED: December 20, 2023

    Respectfully submitted by,

    PLAINTIFF ROBERT SILVA-PRENTICE,
    by and through counsel,

    /s/ *Patty DeJuneas*
    Patty DeJuneas (BBO 652997)
    DeJuneas Law LLC
    11A Commercial Wharf West
    Boston MA 02110
    (617) 529-8300
    patty@dejuneaslaw.com

    PLAINTIFF DIONISIO PAULINO,
    by and through counsel,

    */s/ Bridget A. Zerner*
    Bridget A. Zerner (BBO No. 669468)
    MARKHAM READ ZERNER LLC
    11A Commercial Wharf West
    Boston, Massachusetts 02110
    Tel: (617) 523-6329
    Fax:(617)742-8604
    bzerner@markhamreadzerner.com

**Certificate of Service**
I, Patty DeJuneas, hereby certify that this document filed through the CM/ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on December 20, 2023. /s/ *Patty DeJuneas*